GAUDIN, Judge.
This is an appeal by the plaintiffs from the granting of a motion for summary judgment in favor of Parish of Jefferson, named a defendant in this litigation for an alleged breach of a duty to maintain a reasonably safe street in Harvey, Louisiana. We affirm, finding that the Parish’s duty to require sidewalk installation at the accident site was discretionary for which the state legislature has provided immunity. A motorist, driving in the 1500 block of Eighth Street in Harvey, Louisiana, had struck two pedestrians walking on or near the roadway.
On November 17, 1995, at about 11:30 p.m., Alvin Moliere Jr., Jerry Hebert and Emile Cline were walking in a westerly direction in the 1500 block of Eighth Street. They were on or near the street proper in the vicinity of a vacant lot when Moliere and Hebert were hit by an Oldsmobile automobile being driven westerly by Walter Collins. Moliere died almost instantly while Hebert was seriously injured.
The administrator of Mollere’s estate and Hebert’s father (on behalf of his son) filed suit on November 28, 1995 against Collins and also against Rakesh Chawla, who owned the unimproved vacant lot which was devoid oik a sidewalk. The Parish of Jefferson was added as a defendant in a supplemental and amending petition filed January 9, 1996. This pleading, in pertinent part concerning the Parish, stated:
“... the Parish of Jefferson was responsible for the inspection of the street along Eighth Street in Harvey, and for the enforcement of ordinances and statutes requiring the installation of sidewalks and had a non- *532 discretionary duty to enforce its ordinances concerning the obligation of property owners to maintain sidewalks and/or other means of safe ingress and egress across property within this parish. It clearly should have noticed the deficiency on the property and premises ... and enforced the sidewalk ordinances such that pedestrians were not forced to. walk upon the right of way of public streets.”
After the plaintiffs settled their claims against Collins and Chawla, the Parish filed a motion for summary judgment. By judgment of February 19th, 1998, the trial judge granted the motion, dismissing claims against the Parish.
On appeal, the administrators argue (1) that the Parish had a duty to maintain reasonably safe streets and (2) that there are material issues of fact requiring a trial on the merits, precluding summary judgment. In response, the Parish contends that implementing of a sidewalk ordinance is a discretionary act for which it is afforded statutory immunity under LSA — R.S. 9:2798.1. Also, the Parish says the cause of the accident was not the absence of a sidewalk but the combined negligence of the motorist and the pedestrians.
^Pertinent sections of R.S. 9:2798.1 are as follows:
“B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
“C. The provisions of Subsection B of this Section are not applicable:
“(1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policymaking or discretionary power exists; or
“(2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.”
In the record is a sworn affidavit executed by Warren A. “Mike” Lavelle, the Director of the Department of Engineering for the Parish of Jefferson. Lavelle states:
“That he is familiar with the Jefferson Parish Ordinance requiring sidewalk installation, which ordinance is found in the Jefferson Parish Code of Ordinances Article V, Sections 29-142 through 29-152;
“That he has personal knowledge that the Parish does not have the resources or manpower to enforce the requirements of this ordinance by physically seeking out and inspecting all of the property for which sidewalks might be required;
“That the Parish has made a policy decision that the most efficient and economical manner with which to implement the ordinance is to require the installation of sidewalks at the time that a permit is obtained by the property owner to improve the property; and,
k“That the only deviation from this policy would occur in the case of a particular property coming to the attention of the Parish through complaints or petitions from citizens and civic organizations.”
The record does not contain any meaningful showing that the duty imposed on the Parish regarding sidewalk installation was not discretionary or that the Parish did or did not do anything to make Sec. C(2) of the act applicable. Further, there was no serious contention either in the district court or now on appeal that R.S. 9:2798.1 as written or as applied in this case is unconstitutional.
Act 483 of the 1997 legislature amended the summary judgment procedure contained in LSA-C.C.P. art. 966. Once a movant produces evidence indicating that no genuine issues of fact exist, the party opposing the motion for summary judgment is required to furnish factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. The non-moving party cannot rely only on allegations of its pleadings. Here, the petitioners did not demonstrate that they could negate the Parish’s statutory immunity defense; accordingly, summary judgment as a matter of law was appropriate.
AFFIRMED.